THE UNITED STATES ILLUMINATING COMPANY, Appellant, *v.* HENRY G. FISK and Others, Respondents.

*Contract to supply electric light — right to cease to use the light.*

On July 23, 1889, a contract between an illuminating company and a firm was entered into, whereby the illuminating company agreed to furnish and such firm agreed to use, and pay at a certain rate for, electric lights upon the premises then occupied by such firm, and the illuminating company agreed to wire such premises, and to supply an electric current for a number of incandescent lamps, for a term of three years from the time at which the connection therefor was made.

Thereafter, in September, 1889, March 31 and June 26, 1890, certain other contracts were entered into between the same parties of like purport. On February 1, 1891, such firm removed from the premises in question, and refused to further use electric lights therein.

The contracts were made on printed forms, which originally contained a provision that the lamps to be furnished by such illuminating company were to be used to the exclusion of other artificial illumination. This was changed in the contract in question to the words "to the exclusion of other electric illumination."

*Held,* that under such contract such firm had a right to use artificial illumination other than electrical, and were to pay for electric illumination only to the extent that it was used by them, and were permitted to discontinue the use of electric illumination if they so desired.

APPEAL by the plaintiff, The United States Illuminating Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of January, 1894, upon the verdict of a jury directed by the court after a trial at the New York Circuit dismissing the plaintiff's complaint.

*J. W. Houston,* for the appellant.

*H. B. Kinghorn,* for the respondents.

Van Brunt, P. J.:

This action was brought to recover damages for a breach of a contract entered into between the plaintiff and the defendants, by. which the plaintiff agreed to furnish and the defendants agreed to use electric light upon the premises occupied by the defendants at the time of the making of the contract — No. 686 Broadway in the city of New York. On the 23d of July, 1889, said contract was entered into whereby the plaintiff agreed to wire the premises No. 686 Broadway, and to supply an electric current for a number of incandescent lamps for a term of three years from the time at which the connection therefor was made, and the defendants agreed to pay for the light used each month a certain rate fixed by the contract. Subsequently, in September, 1889, the plaintiff and defendants entered into another contract for additional lamps, upon the same terms and conditions as the original contract; and on the 31st of March and the 26th of June, 1890, certain other contracts were entered into of like purport. On the 1st of February, 1891, the defendants removed from the premises 686 Broadway, and refused to use electric lights on said premises. It was claimed by the plaintiff that thereby the defendants broke their said contract to the damage of the plaintiff; and the question presented is whether the discontinuance upon the part of the defendants of the use of electric light upon these premises was a breach of the contract. We think it was not. The forms upon which these contracts were made were printed, and they originally contained a provision that the lamps furnished by the plaintiff were to be used to the exclusion of other artificial illumination; and this was changed in the contract in question to the words " to the exclusion of other electric illumination." There is no claim that upon the premises in question any electric illumination except that of the plaintiff has been used by the defendants during the term in question. The defendants under the contract had the right to use other artificial illumination — to what extent there is no provision contained in the contract — and were to pay only for electric illumination to the extent to which such

illumination was used. This being the nature of the contract, and the necessary construction which must be placed upon the provision for use which was agreed to by the defendants, it is difficult to see why they were not permitted to discontinue the use of electrical illumination if they so desired. As has already been observed, the prohibition was against other electrical illumination, and necessarily implied the right to use other artificial illumination.

It is urged that the defendants' contention, that by reason of the phrase "to the exclusion of other electrical illumination" they are relieved from any promise to use the lamps at all, is contrary to the rule of construction which requires that a contract should not be made nugatory by a literal construction of an exception. But the difficulty with this claim is that under the construction claimed upon the part of the plaintiff the court is called upon to make a contract which the defendants have not agreed to. All that the defendants have agreed to do is that they will not use other electrical illuminations on these premises, and as they have the right to use such other artificial illuminations as they please, it is difficult to see why any obligation is to be found in the contract which requires them to use any electrical illumination at all if they desire to use other artificial light.

It is further urged that as the word "electrical" was inserted for the benefit and presumably at the request of the defendants, their contention is contrary to the rule of construction which requires that in case of doubt language should be construed most strongly against the party in whose favor it was used. It being conceded that the word "electrical" was inserted for the benefit and at the request of the defendants, it is perfectly apparent that they supposed that they were getting some privilege by reason of its insertion and of the change from the the word "artificial" to the word "electric." But under the theory advanced upon the part of the plaintiff, notwithstanding this alteration, the contract is to read the same as though no such change had been made.

It is evident that in the framing of these contracts the purpose of the plaintiff was to make them absolutely binding upon the party with whom the plaintiff contracted; but that the plaintiff should be under no obligations whatever, or, if any, they were to be of the most uncertain and ephemeral character. The defendants, when

requested to make a contract of this description, evidently refused, and demanded that they should have the right to use other artificial light if they pleased, and all that they would consent to contract for was that they would not use other electrical illumination, which there is no evidence that they have done.

We are of opinion, therefore, that there was no breach of the contract upon the part of the defendants, and consequently that no cause of action was made out by the plaintiff, and the complaint was properly dismissed. The judgment should. be affirmed, with costs.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs.